UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. DUJARDINE,

Plaintiff,

v.

UNKNOWN PARTY, et al.,

Defendants.

Case No. 1:06-cv-224

Honorable Robert Holmes Bell

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis,* and Plaintiff was ordered to pay an initial partial fee of $20.26 when funds became available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I. Factual Allegations

Plaintiff is presently incarcerated at Bellamy Creek Correctional Facility, but complains of events that occurred while he was housed at Riverside Correctional Facility. In his *pro se* complaint, he sues three unknown parties at Riverside in their individual capacities.[1] Plaintiff alleges that when Defendants transferred him to segregation at Riverside, they failed to properly secure his property, resulting in the theft of two pairs of gym shoes, five music cassette tapes, and miscellaneous health care products from his cell. He argues that Defendants acted outside the scope of their employment and outside their authority. He maintains that Defendants violated Michigan Department of Corrections (MDOC) policies regarding the safekeeping of prisoners' property when they are transferred to segregation. He also alleges that Defendants violated his constitutional rights to be free from deprivation of property without due process of law under the Fourteenth Amendment and unreasonable searches and seizures under the Fourth Amendment. Plaintiff grieved all three unnamed Defendants under prison grievance procedures, but was denied relief.

For relief, Plaintiff requests reimbursement for the full replacement value of the property, unspecified "additional damages," "punitive damages," "hedonic damages," costs, and fees.

[1]Plaintiff alleges that he has been unable to obtain Defendants' names from the Michigan Department of Corrections; he consequently names them as "Staff Sergeant," "Correction Officer: 1," and "Correction Officer: 2."

II. Failure to state a claim[2]

A plaintiff fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim alleging a violation of his Fourth Amendment rights fails because that amendment's proscription of unreasonable searches and seizures does not apply within inmates' prison cells. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

Plaintiff's claim alleging a violation of his Fourteenth Amendment rights is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. *Parratt*, 451 U.S. at 537. If an adequate post-deprivation remedy exists,

[2]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Although Plaintiff provides documentation showing he filed a grievance and pursued it through Step III of the prison grievance process, he grieved only unspecified "Riverside staff" because he was unable to obtain exact names. Therefore, it appears that Plaintiff may not have satisfied the exhaustion requirement. However, the Court need not first require exhaustion of available administrative remedies when the complaint may be dismissed because on its face it fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

the deprivation, although real, is not "without due process of law." *Id*. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *Hudson*, 468 U.S. at 530-36. When, as here, a plaintiff's claim is premised upon allegedly unauthorized intentional acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff has neither alleged nor proven that post-deprivation remedies available to him were inadequate; nor could he. Plaintiff has a number of avenues of redress for his property claim. First, the MDOC grievance procedure, which Plaintiff has already used, provided him an opportunity to seek relief. *See Copeland*, 57 F.3d at 480, citing MICH. COMP. LAWS §§ 24.201-.403, 791.251-.255. The fact that Plaintiff used this avenue, but did not obtain a favorable outcome, does not create a constitutional claim. *See Skinner v. Bolden*, No 03-1553, 2004 U.S. App. LEXIS 4936, at *5 (6th Cir. March 12, 2004) ("adequate post-deprivation process does not require a favorable result for the claimant").

Second, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112 ¶ II(B) (effective Sept. 24, 1998). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112 ¶ II(B). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards,

institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a); *see Green v. State Corr. Dep't*, 192 N.W.2d 491 (Mich. 1971) (state liable for tortuous injury sustained by a sentenced convict at the Detroit House of Correction).

The Sixth Circuit has specifically held that these post-deprivation remedies for deprivation of property are adequate. *See Copeland*, 57 F.3d at 480. In a number of cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege and show that state law post-deprivation remedies were inadequate. *Id.* at 479-80 (money wrongly removed from prison account); *Hunt v. Michigan*, No. 03-1810/2041/2099, 2004 U.S. App. LEXIS 5239, at *5 (6th Cir. Mar. 17, 2004) (confiscated chess set); *Lillie v. McGraw*, No. 97-3359, 1997 WL 778050, at *1 (6th Cir. Dec. 12, 1997) (television allegedly broken by prison officials); *Mowat v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (money misapplied to a deficit in prison account). Here, Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's complaint will be dismissed.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGuire v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455

appellate filing fee pursuant to § 1915(b)(1), *see McGuire*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

        This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.

Date:   April 21, 2006                /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT  JUDGE